CELIA RUBIN JACOBS and MAC JACOBS, Respondents, *v.* GARMENT CENTER CAPITOL, INC., Appellant.

First Department, October 31, 1941.

*Reid A. Curtis* of counsel [*Christensen & Eberlein*, attorneys], for the appellant.

*Louis J. Lefkowitz* of counsel [*Louis Levine* with him on the brief; *Louis J. Lefkowitz*, attorney], for the respondents.

GLENNON, J. This is a personal injury action in which the plaintiffs, Celia Rubin Jacobs and Mac Jacobs, her husband, have been awarded damages upon the theory that the defendant was negligent.

Celia Jacobs was employed by a tenant which occupied the eleventh floor in defendant's premises located at 498 Seventh avenue in the borough of Manhattan, city of New York, for a period of approximately nine months prior to August 21, 1939, when she was injured. There are two public entrances to the building. One is located on Seventh avenue and the other on the Thirty-sixth street side of the building. According to the testimony of Celia Jacobs, she entered the building through the latter entrance about five minutes to nine o'clock in the morning and took her place in front of the elevator which served the floors between the eighth and eleventh. Upon her arrival, there were four or five people waiting, but before the elevator reached the ground floor, there were, as she testified, " perhaps between twenty and twenty-five." On being asked what happened, she said: "As soon as the dial to that elevator showed that it was nearing the lobby floor the people started to crowd together. The doors opened and before I knew it I was pushed and crowded into the elevator and people in front of me tried to push me and the people in back of me pushed and crowded me, and in order to protect myself I held my hand up so that I should not be pushed in or out. Then I felt pain and I cried out ' ouch ' and before I knew it I was pushed into the elevator."

There was a starter in attendance about ten or fifteen feet away from the particular elevator where she was injured and there was also an attendant operating it. She testified, in substance, that during the so-called rush hour period, the crowding and pushing on the part of the passengers took place during all of the time of

her employment, but that she did not receive any injuries. In fact, she did not assert that she ever witnessed an accident.

We are at a loss to understand how the defendant can be held answerable in negligence for the conduct of Celia Jacobs' fellow passengers. There is nothing to indicate that the attention of the starter who was in charge of the four elevators on that side of the building was directed to any unruly conduct on the part of the twenty some odd people who intended to board the elevator. It may well be that some of them were rude and not possessed of ordinary politeness. But assuming that to be so, how could the owner of the building either foresee a possible accident of the type described by Celia Jacobs or forestall it? There was no evidence of any boisterous conduct upon the part of any of the persons who sought to obtain entrance to the elevator. Inasmuch as the occurrence of the accident could not have been foreseen or anticipated by the defendant in the exercise of reasonable care, no liability attached to it.

We believe, therefore, that the Appellate Term correctly decided this case in the first instance. In its *per curiam* opinion it said in part: " Plaintiff failed to establish any negligence on the part of defendant. There was no proof that the corridor was over-crowded at particular hours or that defendant had any reason to believe that there was such a danger of overcrowding as required the installation of any appliances or the employment of guards to prevent accidents."

For the reasons assigned, the determination of the Appellate Term which granted reargument and upon reargument affirmed a judgment of the Municipal Court in plaintiffs' favor should be reversed and the complaint dismissed, with costs in all courts.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Determination of the Appellate Term and the judgment of the Municipal Court unanimously reversed and the complaint dismissed, with costs to the defendant-appellant in all courts.